### GIBBS *v.* HANDY, ET AL.

Decided September 12, 1927. Rehearing denied October 3, 1927.

Action to vacate foreclosure decree and set aside certificate of purchase. Judgment of dismissal.

### *Affirmed.*

1. APPELLATE PRACTICE—*Pleading.* Under some circumstances it is permissible to file a plea in abatement in an action pending on review in the Supreme Court.

2. PLEADING—*Estoppel.* In an action to vacate a foreclosure decree, plaintiff's plea filed in the appellate court setting out in effect that defendant had become the owner of a tax certificate on the property involved and had applied for a tax deed in violation of the rights of plaintiff, held not to show an estoppel,

3.  GUARDIAN AND WARD—*Encumbering Property.* Petition of a guardian for authority to mortgage ward's property, reciting an overdue encumbrance and necessity for making improvements on the land, held sufficient.

4.  *Encumbering Property.* Insufficiency of a guardian's petition to encumber property of his ward would not make void, for want of jurisdiction, an order authorizing a mortgage.

5.  *Encumbering Property—Validity of Order.* Failure of a guardian to expend money for improvements in accordance with his petition for authority to mortgage property of his ward would not affect the validity of the order authorizing such mortgage.

6.  *Encumbering Property—Validity of Order.* Failure of a court order authorizing the mortgaging of guardianship property to fix the amount of the loan to secure which the mortgage was given, held a mere irregularity and cured by subsequent proceedings.

7.  *Encumbering Property—Validity of Order.* Attempt in a court order to permit the mortgaging of guardianship property for a term extending two years beyond the ward's minority, did not make the order void.

8.  APPEAL AND ERROR—*Judgment.* A judgment of the district court in an action to vacate a foreclosure decree precludes a review—in the absence of fraud—of the objection that the mortgage was given to secure the personal indebtedness of the guardian, and not for the benefit of his ward.

9.  GUARDIAN AND WARD—*County Court Jurisdiction.* The county court has jurisdiction to authorize a guardian to borrow money and give a note and a mortgage on the ward's property to secure payment of the same.

10. JUDGMENT—*Collateral Attack.* Suit by a minor after reaching majority to vacate decree foreclosing a mortgage executed by his guardian, held to constitute a direct and not a collateral attack.

11. GUARDIAN AND WARD—*Foreclosure of Mortgage.* There is no requirement of law that the county court enter an order granting permission to bring an action to foreclose a mortgage executed by a guardian.

12. APPEAL AND ERROR—*Findings.* Finding of the trial court that the note in action was the identical note secured by mortgage which was being foreclosed, will not be reviewed on appeal.

13. *Extraneous Questions.* Questions not properly before the court will not be considered on review.

14. MORTGAGE—*Foreclosure*—*Parties.* Failure to make the guardian a party to an action to foreclose a mortgage on the property of his ward, does not render the decree of foreclosure void or voidable as to the minor.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. GUY D. DUNCAN, for plaintiff in error.

Mr. GOLDING FAIRFIELD, Messrs. COEN & SAUTER, for defendant in error Handy.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ON July 27, 1918, Carrie F. Becker, the owner of certain land in Logan county, died, leaving, as her heirs at law, her husband, Jacob C. Becker, and six minor children, among them the plaintiff in error. On February 13, 1919, the county court of Logan county appointed said Jacob C. Becker guardian of the estate of the minors. Upon application of the guardian of the estate, the county court entered an order authorizing the making of a loan of $9,000 and the execution by the guardian of the estate of a promissory note and the execution by him of a mortgage of the minors' land to secure the payment of the note. The money was borrowed, and the guardian of the estate executed and delivered to the lender, the Bankers Trust Company, a note for that amount and a mortgage to secure the same. Before maturity of the note, the note was endorsed and the mortgage assigned to Addie Handy. There being a default in the payment of interest and taxes, Addie Handy brought a foreclosure suit in the district court of Logan county. At the foreclosure sale she bought the property for the amount of the judgment and expenses of

sale, leaving no deficiency and no surplus. At the expiration of the redemption period, to wit, on January 12, 1925, the sheriff's deed was issued to her. After the foreclosure sale, but before the issuance of the deed, the plaintiff in error, Minnie Becker Gibbs, who a few months before had reached her majority, brought this suit against Addie Handy, praying that the foreclosure decree be vacated and that the sheriff's certificate of sale be set aside; and after the issuance of the sheriff's deed, the plaintiff filed a supplemental complaint, praying that that deed be adjudged void and be set aside. The court found the issues against the plaintiff, and dismissed the suit; hence this writ of error.

1. The plaintiff filed in this court a plea in abatement. Under some circumstances such practice is permissible. *Atkinson v. Tabor,* 7 Colo. 195, 3 Pac. 64. The plea alleges that since the filing of the case in this court the defendant Handy became the owner of a county treasurer's certificate of purchase for general taxes on the premises involved in this litigation; that she transferred the certificate to her son and agent for the purpose of circuitously acquiring the title under the tax certificate, "in violation of the rights of the plaintiff in error and of her minor sisters and brother, while she is yet in this proceeding pretending to be the owner in fee of said premises"; and that the defendant Handy has applied for a tax deed. The prayer is that the defendant Handy be adjudged "to have precluded and estopped herself from further asserting that she is either mortgagee or owner of said premises by reason of said pretended mortgage, foreclosure and deed here in controversy." How these proceedings constitute an estoppel, we fail to see. If there is any reason why the pleaded facts should estop the defendant Handy, or if there is any authority that supports counsel's contention that they do constitute an estoppel, we have not had our attention called to it. The only case relied upon to support the contention falls far short of supporting it. In *Fallon v.*

*Worthington,* 13 Colo. 559, 22 Pac. 960, 6 L. R. A. 708, 16 Am. St. Rep. 231, a judgment debtor, who stood by and without objection permitted an execution sale of his property not subject to execution, consented to the application of the proceeds to the satisfaction of the judgment, received the surplus, and demanded the return of the security given by him for the judgment debt, was held estopped to deny the validity of the sale; and the sale was held to be an equitable assignment or transfer to the purchaser of the judgment debtor's interest in the property. The plea in the present case fails to show an estoppel. Practically all of the elements of estoppel are absent.

2. It is contended that the county court had no jurisdiction to order the execution of the mortgage. Four objections are urged:

(a) The petition recited that there is an overdue encumbrance of $5,000 that had to be paid off; that there are no funds with which to pay the same, and further that it will be necessary to make some improvements on the land in order that the estate may reap the full benefit of the land, that $9,000 were borrowed, but that no improvements were made. Counsel does not state clearly his objection. If his position is that the petition does not state facts sufficient to authorize the mortgaging of the land, there are two answers: the petition is sufficient; and if it were otherwise, the insufficiency would not make the order void for want of jurisdiction. If counsel's point is that the subsequent failure to make the improvements affects in some manner the validity of the order, the point is not well taken. If the guardian of the estate has not expended the money, he should have it on hand. If he has used any part of it to pay his personal debts, or for any other improper purpose, he and the sureties on his bond are liable therefor.

(b) But it is said that the order permitting the execution of the mortgage did not fix the amount of the loan to secure which the mortgage was to be given. This, at

most, was a mere irregularity, and cannot avail the plaintiff in this suit. Besides, such irregularity was cured by subsequent proceedings.

(c)  Another objection is that the order attempted to permit the mortgaging of the land for a term extending two years beyond the plaintiff's minority. This does not make the order void.

(d)  It is claimed that the mortgage was given to secure the personal indebtedness of Jacob C. Becker. But the judgment of the district court in the foreclosure suit, in the absence of such fraud as would justify the setting aside of that judgment as against the owner of the note— and no such fraud is sufficiently alleged, and no sufficient offer of evidence thereof was made—precludes a review of that question in the present suit.

The objection to the jurisdiction of the county court cannot be sustained. That court had jurisdiction to order the borrowing of the money and the giving of the note and the mortgage.

3.  It is claimed that the district court, in decreeing a foreclosure, acted without jurisdiction. Counsel for the defendant Handy, in their brief, insist that the present case is merely a collateral attack upon the foreclosure decree. They are mistaken. The attack is direct, not collateral. *Jotter v. Marvin,* 63 Colo. 222, 165 Pac. 269; *Smith v. Morrill,* 12 Colo. App. 233, 55 Pac. 824.

(a)  One ground of attack on the jurisdiction of the district court in the foreclosure suit is that there was no order of the county court granting permission to bring the foreclosure suit. None is required.

(b)  It is contended that the note upon which judgment was rendered was not the note secured by the mortgage; that there was a fatal variance, in this, that the note described in the mortgage is one maturing April 1, 1926, whereas the note upon which judgment was rendered is one maturing May 20, 1926. In the foreclosure suit the court found that it was the identical note that was secured by the mortgage, and that finding cannot be reviewed in the present suit.

(c)  The contention that no decree of foreclosure should have been made, because a mortgage misdescription of a note, where capable of reformation, must be reformed before foreclosure can be decreed, and that this was not done or attempted to be done in this instance; and further, because the misdescription in this mortgage was incapable of reformation owing to the negligence of the mortgagee, is without force in the present suit.  If the foreclosure suit were before us on writ of error, the contention might require consideration.

(d)  Another contention is that the note in question is signed "Jacob C. Becker, Guardian of the Estate of" the minors, naming them, instead of "Jacob C. Becker, *as* Guardian of the estate," etc.; that the note, therefore, is the individual note of Jacob C. Becker.  Such objection cannot be considered in this suit.  The foreclosure suit is not before us on writ of error.

(e)  Among the defendants named in the foreclosure complaint, as filed, were Jacob C. Becker (personally) and Jacob C. Becker as guardian of the estate of the minors.  When the case came on for proof, the court granted the application of Addie Handy, the plaintiff in the foreclosure suit, "to strike out the words 'of the estate,' after the word 'guardian,' * * * in each instance, so that the record will show that Jacob C. Becker is the guardian of the minors, and not guardian of the estate."  Thereupon proof was offered, followed by a decree of foreclosure.  It is contended that striking out the words "of the estate," after the word "guardian," was equivalent to a dismissal of the case as to the guardian of the estate, and deprived the court of jurisdiction to decree a foreclosure.  But the guardian of the estate had no title to the property.  The title was in the minors. The property covered by the mortgage, and sought to be sold under foreclosure decree, was the property of the minors, not that of the guardian of the estate.  If the guardian of the estate had not been made a party at all,

the foreclosure decree would not for that reason be void or voidable as to the minors. This contention cannot be sustained.

Such irregularities as occurred in the proceedings in the county court and in the foreclosure suit in the district court cannot avail the plaintiff in this suit.

The judgment is affirmed.