No. 22917.

ELK-RIFLE WATER COMPANY, A COLORADO CORPORATION *v.* S. H. TEMPLETON, SOCONY-MOBIL OIL COMPANY, INC., A NEW YORK CORPORATION, ROY B. PERRY, MARY PERRY, FARMERS IRRIGATION COMPANY, GAME AND FISH COMMISSION OF THE STATE OF COLORADO, RALPH R. SAMPLE, F. B. SAMPLE, HENRY P. WILLIAMS, MALCOLM JOLLEY, EGIDIO ANTONELLI, MOLLIE GUSTAFSON, AZALIE BARLEY, VIOLET CHRISTENSON, HARVEY B. ANTONELLI, EDWIN ANTONELLI, ALFRED ANTONELLI, ARTENCIA BLACKMAN, THEO H. REES, HUMBERT REES, WARREN E. STULTS, ANNIE W. LANGSTAFF, BRINKLEY B. BROWN, UNION CARBIDE CORPORATION, L. W. CLOUGH, W. F. CLOUGH, KELLY B. ANDERSON, LUCILLE J. ANDERSON, NICHOLAS P. PITTENGER, RUTH L. PITTENGER, LLOYD E. FAIRMAN, BONNIE C. FAIRMAN, ROBERT L. HARRIS, LOREN JEWELL, SILT WATER CONSERVANCY DISTRICT, PACIFIC OIL COMPANY, HENRY C. JOLLEY, MABEL JOLLEY, GETTY OIL COMPANY, EATON SHALE COMPANY, CARL M. BOYD, NATASHA BOYD, FRANK HARRINGTON, COLORADO RIVER WATER CONSERVATION DISTRICT, THE DOW CHEMICAL COMPANY, TOWN OF GRAND VALLEY, ALICE M. BEANE, WILLARD N. BEANE, SINCLAIR OIL & GAS COMPANY, THE OIL SHALE CORPORATION, ANNIE H. ESHE, CHARLES P. CASTEEL, ERVEN I. LARSON, NEIL S. MINCER, E. R. COULTER, FRANCIS L. COULTER, INTERMOUNTAIN BIBLE COLLEGE, HUMBLE OIL & REFINING COMPANY, AND VALLEY FARMS, INC.

(484 P.2d 1211)

Decided February 1, 1971.     Rehearing denied February 22, 1971.

440

CHARLES F. BRANNAN, WILLIAMS, ERICKSON & WALLACE, WAYNE D. WILLIAMS, for plaintiff in error.

BURNS H. ERREBO, DELANEY & BALCOMB, ROBERT DELANEY, for defendant in error Socony-Mobil Oil Corporation, Inc.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS matter involves a contest as to priority dates, concerning unadjudicated water in Main Elk Creek, Garfield County. Plaintiff in error, Elk-Rifle Water Company (Elk-Rifle herein) seeks to appropriate the water of Main Elk Creek for its Elk-Rifle Water Supply Project, while defendant in error, S. H. Templeton, for and on behalf of Socony Mobil Oil Company (Templeton or Mobil herein) desires to appropriate essentially the same water for the Main Elk Wheeler Gulch Pipeline and the Main Elk Reservoir.

The adjudication proceeding was first opened on August 27, 1957. The lower court ordered all additional statements of claim to be filed not later than July 1, 1964. Statements of claim to the water in question were filed by S. H. Templeton claiming to act for Mobil, on July 1, 1964 with testimony presented in support of the claims on November 9, 1964. Subsequently, on March 9, 1965, Elk-Rifle tendered its statement of claim together with a motion to allow late filing of the statement. The motion was granted by the court below, over the protests of Templeton/Mobil.

At the conclusion of the hearing on its claim, Elk-Rifle asked the court for leave to present additional witnesses and further testimony. This request was granted. An additional hearing was had following which the court entered findings of fact. Priority date of June 19, 1963 was assigned to the Templeton/Mobil claims. June 28, 1963 was the priority date given the Elk-Rifle claims. Elk-Rifle is here on writ of error challenging the decrees on the following grounds: (I) the trial court erred in not granting its motion to strike the Templeton/Mobil claims on the assertion that Mobil, the true claimant, was not named in the original claim in violation of applicable statutory provisions resulting in deceiving both the court and other potential claimants and interested parties; (II) the evidence presented at the various hearings does not support an award of priority date on the Templeton/Mobil claims of June 19, 1963, and that the

date awarded Elk-Rifle should have been April 29, 1963 rather than June 28, 1963; (III) Elk-Rifle has equal standing with all other claimants even though the water is to be acquired for sale to others for their needs.

## I.

Elk-Rifle first contends that Mobil was the true claimant to the appropriation rather than Templeton and therefore a motion to strike the Templeton/Mobil claim should have been granted.

On June 18 and 19, 1963, officials of Socony Mobil held a series of meetings in Glenwood Springs and decided to proceed with the acquisition of certain parcels of land to be used for a proposed Main Elk Reservoir and dam site. S. H. Templeton was instructed to act as the agent for the oil company and was to acquire in his own name the above parcels of land. An "Agency and Trust Agreement" dated May 11, 1964 was subsequently drafted and executed directing Templeton to "proceed with acquisition of real estate, water rights, and with acts looking to appropriation and adjudication of both storage and direct flow rights in the Elk Creek drainage of the Colorado River. * * *" It is Elk-Rifle's contention that this designation of Templeton as the agent and trustee of Mobil served to deceive both the court below and also actual and potential parties in interest. We note, however, that no specific allegations of fraud were asserted in the oral motion and no evidence of fraud or deceit was adduced at trial. The trial court was therefore correct in denying the motion on that ground.

Elk-Rifle's second point is that in a special statutory proceeding such as is involved here, compliance with applicable statutory provisions is mandatory; and that by not naming itself as the true claimant, Mobil has violated the following provisions of C.R.S. 1963, 148-9-8: "(1) No owner or claimant of any water right may introduce evidence concerning the same in any adjudication suit until there shall have first been filed in said suit a statement of claim duly signed and verified by or on

behalf of one or more owners or claimants of such water right, and which statement or claim shall contain:

(2) The name together with the post office address of the claimant of such water right."

■ As indicated above, Templeton was the agent of Mobil and operated as such under an express trust naming him as trustee. This authorized and directed him to proceed with land acquisition and water rights adjudication. Accordingly he held title properly in his own name until the execution and delivery of a deed dated June 15, 1965. Subsequent to this date, Mobil filed a protest in its own name and carried on the litigation. We have previously held that:

"[A]n action shall be brought in the name of the 'real party in interest.' We have determined that 'one who holds the legal title' is 'the real party in interest.' (citing cases) Applying that docrine we find here that plaintiff alleges in his complaint that he holds the legal title to this property. The additional allegation that he holds as trustee of an express trust may be regarded as surplusage. But, if not, *where the trustee of an express trust also holds the legal title, he may maintain an action without disclosing the name of the beneficiary or the nature of the trust.*

\* \* \*

"Since plaintiff has the legal title it does not concern the defendant whether he holds it in trust or not. *As far as defendant is concerned, plaintiff is 'the real party in interest \* \* \*.'* " (Emphasis added.) *Koch v. Story,* 47 Colo. 335, 107 P. 1093.

■ In the absence of any evidence of intent to deceive or defraud, we hold that the following language from Rule 17(a), R.C.P. Colo., which is in basic accord with the rationale of *Koch,* is applicable to water adjudication matters:

"[A] trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute, may sue in

his own name without joining with him the party for whose benefit the action is brought * * *."

II.

Elk-Rifle next contends that the evidence adduced at the various hearings does not support the award of the priority date of June 19, 1963 to Mobil.

The relevant findings of the trial court predicated on evidence which is not disputed are as follows: Investigation of the Elk Creek drainage was commenced on or about May 23, 1963, and between that date and June 18, 1963, Clifford H. Jex, an engineer, individually and in the company of various other officials of Mobil, engaged in the following activities: Compiled water supply information from published records of the U.S. Geological Survey; obtained and examined maps and other publications; obtained aerial photographs from the U.S. Department of Agriculture; investigated alternate pipeline routes and determined upon the one subsequently claimed; made several visits to the Main Elk Reservoir site; determined upon a proposed location for the axis of the dam; located U.S. Government Survey Monuments, which were subsequently used in making statements of claim and maps, by use of the hand level and published topographic maps, extended out the contour lines of the reservoir basin, where the same were not covered by the topographic map, and computed the carrying capacity of the reservoir at various elevations; and also determined the capacity of 32,400 acre feet at a dam height of 172 feet between elevations of 5748 and 5920 feet.

On June 18 and 19, officials of Mobil, meeting at Glenwood Springs, reviewed the above information received from engineer Jex and made the decision to proceed with the project as outlined. In furtherance of this decision, Jex was directed to proceed with the detailed engineering work and surveys necessary to make filings in the state engineer's office and for the adjudication of water rights to the pipeline and reservoir.

■ There is ample evidence to support the court's findings.

It is the contention of Elk-Rifle that the actions by Jex and the decision by the officials of Mobil were insufficient in law to constitute the "first step" required to establish a priority date, or date of first appropriation. The case of *Sieber v. Frink,* 7 Colo. 148, 2 P. 901, is cited for the proposition that the required "first step" must consist of open work "on the land" in order that notice can be given to others of the intention of the appropriators.

This court has further elaborated upon the requirements for a valid "first step" "on the land" as follows: "[W]e are of the opinion that when the individual, by some open, physical demonstration, indicates an intent to take, for a valuable or beneficial use, and through such demonstration ultimately succeeds in applying the water to the use designated, there is [an appropriation]. [T]he appropriation * * * is, in legal contemplation, made when the act evidencing the intent is performed." *Larimer County Reservoir Co. v. People,* 8 Colo. 614, 9 P. 794; *see also Fruitland Irrigation Co. v. Kruemling,* 62 Colo. 160, 162 P. 161.

■ This court has declined on numerous occasions in the past to set precise standards: "[W]hat constitutes the 'first step' is not the same in every proposed diversion because the facts must be taken into consideration in each case on an *ad hoc* basis * * *." *Four Counties Water Users Ass'n v. Colorado River Water Conservation Dist.,* 159 Colo. 499, 414 P.2d 469. General guidelines, have, however, been established: "The first step in the instant case toward acquiring decrees was the making of a survey of the project, *which is not an unusual practice.*" (Emphasis added.) *Taussig v. Moffat Tunnel Water & Development Company,* 106 Colo. 384, 106 P.2d 363; and "Thus it is clear that Four Counties was entitled to an appropriation date as of the time of its field survey. * * *" *Four Counties, supra.*

■ Elk-Rifle argues, however, that the actions by engineer Jex in the field prior to June 19 could not constitute a valid "first step" in appropriation, citing *Four Counties, supra,* in which we held that "an appropriation [is] the intent to take *accompanied* by some open physical demonstration of the intent * * *." (Emphasis added.) We do not interpret this language to mean that the requisite intent must precede or be contemporaneous with the acts which constitute the work "on the land." What is required is that at some point in time the two requirements — the open physical demonstration and the requisite intent to appropriate — coexist, with the priority date to be set not earlier than the date on which both elements are present.

■ We conclude, therefore, that the trial court was correct in assigning a priority date of June 19, 1963 to Mobil — the date on which the company officials met and made a definite decision to proceed with the project as outlined by Jex. The surveying, examination, contouring, and on-site inspections and work performed by Jex and others prior to June 19, 1963 were sufficient to constitute open "first steps" under the guidelines of the cases cited above.

Elk-Rifle asserts that under the above criteria its priority date should have been April 29, 1963 — the date its predecessors decided to commence work on their project. This is incorrect. As noted above, the requirement that there be an "open and physical demonstration" on the land continues, and the court below correctly found that this did not take place in Elk-Rifle's case until June 28, 1963, at which time a survey and "first staking" was carried out.

III.

■ Elk-Rifle's final assignment of error is that it is entitled to equal standing with all other claimants even though the water is to be acquired for sale to others for their needs, rather than to be used directly by Elk-Rifle. Although the potential use to which Elk-Rifle

intended to put the water, if available, was commented upon, *inter alia,* by the lower court in its findings of fact, we are unable to find any prejudice to Elk-Rifle as a result of such comment. It was granted full due process; permission to file eight months late; leave to reopen to present additional evidence; the right to file and argue its protest; and was assigned a priority date in keeping with the court's findings. It was recognized at an early date that a corporation has full right to divert water for such anticipated purpose as the selling of water to others. *See New Mercer Ditch v. Armstrong,* 21 Colo. 357, 40 P. 989, and the court did not rule otherwise.

The judgment of the court below is affirmed.

MR. JUSTICE GROVES not participating.