## No. 25434

## Colorado River Water Conservation District v.
## Twin Lakes Reservoir and Canal Company
### (506 P.2d 1226)

Decided March 5, 1973.

54

Delaney and Balcomb, Kenneth Balcomb, for plaintiff-appellant.

Holland & Hart, John Undem Carlson, Lawrence L. Fenton, for defendant-appellee.

MR. JUSTICE HODGES delivered the opinion of the Court.

The primary issue in this appeal involves the proper date for a conditional water storage priority. The appellant, Colorado River Water Conservation District, accepts the evidence as presented, but argues that the findings of fact by the trial court are not supported by the evidence as a matter of law. The pertinent parts of the trial court's findings and conclusions are as follows:

"Work was commenced on the Twin Lakes Reservoir Third Enlargement by surveys on August 23, 1930, and has been continued with diligence to the present date. The claimant [Twin Lakes] is entitled to the right to a further conditional annual storage right of 15,000 acre feet of water at all times when the same is available under a priority dating back to August 23, 1930, out of the waters of the Roaring Fork River and its tributaries . . . ."

■ In our view, the record, as a matter of law, fully supports the trial court's findings and its award of a conditional storage decree with a priority date of August 23, 1930 to the Twin Lakes Reservoir and Canal Company, the appellee. We therefore affirm.

I.

The appellant's principal objection is essentially that the appellee did not sufficiently demonstrate its intent to enlarge which would justify the 1930 date, nor show the required diligence toward the completion of the reservoir enlargement to hold its claimed additional 15,000 acre feet of water.

■ We were presented with a near identical argument on diligence concerning the same project in an earlier case and found no merit in the appellant's theory there either. *Colo. River Water Conservation Dist. v. Twin Lakes Reservoir and Canal Co.*, 171 Colo. 561, 468 P.2d 853 (1970). The following comments we made in that decision have applicability here:

"The question of diligence must be determined in the light of all factors present in a particular case, including the size and

complexity of the project; the extent of the construction season; the availability of materials, labor and equipment; the economic ability of the claimant, and the intervention of outside delaying factors such as wars, strikes and litigation."

The trial court based its priority date on a 1930 survey commenced by the appellant which survey included the reservoir enlargement in question. We have long held that such a survey constitutes a sufficient "first step" for an award of a conditional decree. *Elk-Rifle Water Co. v. Templeton,* 173 Colo. 438, 484 P.2d 1211 (1971); *Four Counties Water Users Assn. v. Colo. River Water Conservation Dist.,* 159 Colo. 499, 414 P.2d 469 (1966). Also, the evidence shows, and the court in effect found, that appellee demonstrated its intent to enlarge by its survey in 1930, and that this intent was never abandoned. In this regard, we do not agree with appellant's proposition that appellee's failure to include any mention of this intent to enlarge in a 1935 adjudication when it obtained its absolute decree for its Independence Pass Transmountain Diversion System indicated that its intent to complete this enlargement of its reservoir was non-existent at that time.

It appears from the record that delays in completion of the enlargement after the 1930 survey were attributable to the size and complexity of the total project; to land acquisition problems; and to financial difficulties. Appellee's project involves an immense collection system of tunnels, ditches, reservoirs, and irrigation canals. In addition, lengthy litigation held up land purchases and certain construction for several years. And finally, all of this was financed with obvious difficulties through a depression and two wars by a relatively small group of private farmers. Under these circumstances, the project as a whole proceeded slowly but not without a showing of reasonable diligence. As long as a water system as a whole is being completed with due diligence, the fact that a small part of it is slow to progress is inconsequential. The priority applies to the total project. *Metropolitan Suburban Water Users Assn. v. Colo. River Water Conservation Dist.,* 148 Colo. 173, 365 P.2d 273

(1961).

■ As part of its diligence attack, the appellant also claims that occasional changes in the projected reservoir enlargement program should have an effect on the priority date. It is true that some changes were made from time to time. These changes were dictated for the most part by finances, and required engineering changes. Such changes are permissible providing the overall plan is not drastically altered or abandoned. *Four Counties Water Users Assn. v. Colo. River Water Conservation Dist., supra.*

## II.

■ The appellant also claims the decree is erroneous because it should have been quantified in cubic feet per second, rather than acre feet. This contention lacks merit here.

The appellee was merely seeking an additional storage right for their direct flow rights. It is obvious that any water to be so stored would have to be transported by the appellee's existing facilities. Therefore, although the decree did not explicitly state the rate of fill of the reservoir enlargement, the amount was easily identifiable by examining the capacity of the appellee's diversion system. The decree gave that in cubic feet per second as required.

In oral argument, there was some discussion as to the manner in which the appellee would exercise its right to the water. The matter of administration under the decree if and when it becomes absolute is not before us, and we disregard this portion of the argument.

Judgment affirmed.