# SEPTEMBER TERM, 1973

No. 25693

**Oak Creek Power Company v.
Colorado River Water Conservation District**
(514 P.2d 323)

Decided September 10, 1973.

Charles F. Brannan, Williams, Erickson & Wallace, P.C., Wayne D. Williams, for protestant-appellant.

Delaney & Balcomb, Kenneth Balcomb, for claimant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case involves the appeal by Oak Creek Power Company as to the propriety of priority date granted to the Colorado River Water Conservation District for certain features of the Hayden Mesa Water Project located in Water District 57. The Oak Creek Power Company will hereinafter

be referred to as the "Company" or appellant and the Colorado River Water Conservation District will be referred to as the "District" or appellee.

In 1968, pursuant to procedures set forth in the water Adjudication Act of 1943, C.R.S. 1963, 148-9-1, *et seq.* (which has subsequently been repealed, Colo. Sess. Laws 1969, ch. 373, § 20, and replaced by the Water Right Determination and Administration Act of 1969, Colo. Sess. Laws 1969, ch. 373, § 1, *et seq.,* 1969 Perm. Supp., C.R.S. 1963, 148-21-1, *et seq.*), the District filed a statement of claim for water rights for Dunkley Reservoir, Hayden Bench Canal and Twenty Mile Park Canal in Water District 57. The District asserted a priority date of May 24, 1954 for the reservoir and canals, all of which were features of the District's Hayden Mesa Project.

The Company subsequently filed a statement of claim to various waters and tributaries of the Yampa River, asserting a priority date of June 25, 1964. The Company also filed a protest against the claim of the District, contending that certain waters claimed by the District were also claimed by the Company and that the District was not entitled to the priority date asserted in its claim.

A hearing on the above claims was conducted in the district court in Steamboat Springs on May 28, 1968. The court received in evidence various exhibits at the hearing, including the District's Exhibit A, a map and statement of the District's proposed Hayden Mesa Project. At the close of the evidence, the trial court appointed a referee to prepare draft findings and a draft decree. On April 21, 1972, the court entered an order setting a hearing upon the referee's report, draft findings and draft decree for May 23, 1972. At the May 23 hearing, the referee's recommendation was modified to reflect that the Hayden Mesa Project be awarded a priority date of July 30, 1963, rather than the May 24, 1954 date first proposed by the District.

On May 30, 1972, the trial court entered its findings of fact, conclusions of law and decree. The court granted the referee's motion to amend his findings and granted the

District conditional decrees for its Hayden Mesa Project with a priority date of July 30, 1963.

■ The Company appealed the trial court's findings, contending that the evidence adduced by the trial court was insufficient to sustain the granting of the July 30, 1963, priority date to the District. The District filed a notice of cross-appeal asserting that the court should have awarded a priority date of April 11, 1956, instead of July 30, 1963. In its brief to this Court, the District elected not to contest the finding of the trial court that April 11, 1956, was not an appropriate date for the features of the Hayden Mesa Project. Therefore, the only issue which remains to be determined on the appeal is whether the evidence is sufficient to sustain the trial court's conditional decrees granting the District a July 30, 1963 priority date. We hold that the evidence adduced at trial was sufficient to support the date of the priority decrees established below, and therefore affirm the judgment of the trial court.

Appellant's contention that the evidence adduced at trial was insufficient to sustain the 1963 appropriation date is predicated on the issue of the legal effect of Exhibit A, the map and statement tendered by the District and accepted into evidence. A portion of Exhibit A contains the following statements: "Work on the Hayden Mesa Project was undertaken by the Colorado River Conservation District on the 30th day of July, 1963, by survey of the Hayden Bench Canal of said project." This statement appeared above the signature of the District's president, A. Allen Brown, and was verified by a Mr. Philip Smith as engineer of the District. At the time of the hearing, Mr. Smith was deceased. This statement appears to be the sole evidence upon which the trial court determined that July 30, 1963, was the appropriate date for the conditional decree. Other evidence, going to expenditures incurred in connection with the Hayden Mesa project, contained no reference to dates.

The District tendered Exhibit A pursuant to C.R.S. 1963, 35-4-13; the exhibit was admitted into evidence without objection by the Company. Section 35-4-13 provides that

copies of all papers filed in the office of the recorder of deeds and certified by him under the seal of office "shall be prima facie evidence in all cases . . . ." The map and statement here involved (Exhibit A) had been filed with the Clerk and Recorder of Routt County in 1964, and the particular copy offered in evidence as Exhibit A was certified as a true and correct copy by the Clerk and Recorder.

■ At the time of the hearing during which Exhibit A was offered, the Map and Statement Act, C.R.S. 1963, 148-4-1, *et seq.,* was also in effect. (As previously noted, the Act has been repealed by the Water Right Determination and Adjudication Act of 1969, *supra*). Section 148-4-6 reads in part:

"148-4-6. *Certified copy evidence — construction.* A certified copy of the map and statement . . . shall be prima facie evidence in any court having jurisdiction of the intent of the claimant to make such construction and to utilize such rights as are shown and described in the map and statement . . . ." Appellant contends that Section 148-4-6 supersedes the more general language contained in Section 35-4-13, and that the language of Section 148-4-6 limits the evidentiary effect of the certified copy or the map and statement exclusively to prima facie evidence of intent to appropriate. Thus, appellant contends that, although there was evidence of intent to appropriate, there was no competent evidence in the record which would show that the District had actually taken some "first step" toward accomplishing the intended appropriation as of the decree date, July 30, 1963. We do not agree with appellant's interpretation.

■ It is, of course, a long established principle in Colorado water law that, in order to establish a right to relate back to a point in time from which a water right priority is to commence, there must have been on the date claimed some act evidencing an intent to take water and to apply it to beneficial use. *Four Counties Water Users Assoc. v. Colorado River Water Conservation District,* 161 Colo. 416, 425 P.2d 259, *cert. denied,* 389 U.S. 1049, 88 S.Ct. 765, 19 L.Ed.2d 840, *reh. denied,* 390 U.S. 976, 88 S.Ct. 1020, 19 L.Ed.2d

1197; *Rocky Mountain Power Co. v. White River Electric Assn.,* 151 Colo. 45, 376 P.2d 158. We are not here concerned with whether the filing of the map and statement in the Engineer's office, pursuant to the Map and Statement Act, *supra,* without more, is sufficient to establish the first step toward a beneficial appropriation. The issue here is whether the signed statement contained within Exhibit A to the effect that survey work was begun on July 30, 1963, by the District is competent evidence of that fact.

■ As previously set forth, C.R.S. 1963, 35-4-13 states that certified copies of all papers duly filed in the county recorder's office shall serve as prima facie evidence in all cases. We hold that such a public record is prima facie evidence of collateral matters appropriately incorporated therein when the document has been signed under oath and properly attested to. Such precautions afford at least a presumption of trustworthiness with respect to matters contained within the document. *See Schiffer v. Adams,* 13 Colo. 572, 22 P. 964. We do not view the Map and Statement Act as limiting the evidentiary value of these properly recorded documents. That a certified copy of the properly filed map and statement in the office of the state engineer may serve as prima facie evidence of the intent of a claimant to appropriate does not limit evidentiary usage of the document to that purpose alone; rather, we regard the Act as merely supplementing the more general language of C.R.S. 1963, 35-4-15.

■ The statement regarding survey work done by the District commencing in 1963 was germane to the description of the project in question, and such statement was properly signed and attested to by the parties who had supervised the project. No objection was tendered by appellant regarding Exhibit A, and no evidence was adduced which would serve to contradict the date of the survey in question. We view such a statement as prima facie evidence under the above statutes of when survey work was actually initiated by the District.

■ We have held that the making of a survey constitutes

a sufficient first step in a major diversion project for the award of a conditional decree, *Colorado River Water Conservation District v. Twin Lakes Reservoir and Canal Co.*, 181 Colo. 53, 506 P.2d 1226; *Elk-Rifle Water Co. v. Templeton,* 173 Colo. 438, 484 P.2d 1211; *Four Counties Water Users Assn. v. Colorado Water Conservation Dist.,* 159 Colo. 499, 414 P.2d 469. Exhibit A, as we have pointed out, was prima facie evidence that the survey which was undertaken on July 30, 1963, and the trial court's determination of July 30, 1963 as the priority date was therefore supported by competent evidence. We find no reason to disturb that finding.

The judgment of the trial court is affirmed.

MR. JUSTICE DAY does not participate.