## No. 26454

**Central Colorado Water Conservancy District v. City and County of Denver, acting by and through its Board of Water Commissioners, and Public Service Company of Colorado**

(539 P.2d 1270)

Decided August 25, 1975. Rehearing denied September 29, 1975.

Miller & Miller, David J. Miller, William F. Corwin; Moses, Wittemyer and Harrison, P.C., Raphael J. Moses, David L. Harrison, for plaintiff-appellant.

George L. Zoellner, Kenneth L. Broadhurst, J. J. Petrock, Michael L. Walker, Glenn G. Saunders, Special Counsel, Jack Ross, Special Counsel, for City and County of Denver, acting by and through its Board of Water Commissioners.

Lee, Bryans, Kelly & Stansfield, Fletcher Thomas, for Public Service Company of Colorado.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The Central Colorado Water Conservancy District (the District) filed applications for conditional decrees as to water storage rights with the water court in water division 1, under the Water Right Determination and Administration Act of 1969. 1969 Perm. Supp., C.R.S. 1963, 148-21-1, *et seq.*[1] The water court held for the objectors, City and County of Denver and the Public Service Company of Colorado. The District appealed. We affirm.

I.

An historical prelude is necessary to create a background for the resolution of this case.

---

[1] Now section 37-92-101, C.R.S. 1973.

Starting in the 1930's and extending into the 1940's the United States Bureau of Reclamation undertook a water supply reconnaissance study which culminated in the Blue River-South Platte report.

The South Platte Water Association was organized in 1942. Together with Denver, it claimed to have appropriated most of the water outlined in the original Bureau report. These conflicting claims were resolved in the so-called Blue River case which confirmed Denver's appropriations. *City and County of Denver v. Northern Colorado Water Conservancy District*, 130 Colo. 375, 276 P.2d 992 (1954). The South Platte Water Association was then dissolved.

The Central Colorado Water Association was incorporated in 1957. It filed maps and statements with the state engineer, based not upon its own work, but upon the original preliminary Bureau survey.

The District was created in 1965. Three years later, the Central Colorado Water Association transferred to the District all of its interest in the 1957 filings. Pursuant to the Water Rights Determination and Administration Act of 1969,[2] the District filed applications with the water court based on its succession in interest.[3]

The District originally claimed a priority date of September 1, 1936, which was the date upon which the United States Bureau of Reclamation commenced its preliminary investigation of the Blue River-South Platte Project. However, on this appeal, the District has withdrawn its request for a 1936 priority and now claims August 2, 1957, the date of the Central Colorado Water Association filings, as its priority date. Therefore, in this case, all evidence of efforts performed before that date serves only as a matter of historical background to the District's applications.

A water referee granted the District conditional storage rights in six separate state reservoirs for varying amounts of water with a priority date of August 2, 1957. The acting water judge reversed. Upon further hearings, the water court amended and affirmed its judgment, stating:

"There has been no evidence presented sufficient to constitute an overt act concurring with intent to constitute a 'first step' for an award of a Conditional Decree in any of the above-numbered Applications."

The evidence in the record supports the findings of the water judge, and we, therefore, must affirm the findings. The District's argument *contra* is twofold. First, the filing of maps and statements *alone* is sufficient to warrant the granting of a conditional water decree. Second, even if filings alone do not suffice, the record shows that the District has taken the required "first step" and prosecuted its claims with diligence.

---

[2]Now section 37-92-101, C.R.S. 1973.

[3]In addition, the District filed maps and statements for three new projects, making a total consecutive run of nine applications, from W-89 through W-97. However, these later three projects — W-89, W-90, and W-94 — were denied without prejudice. The District filed an appeal which it now withdraws. This opinion shall apply only to the remaining six applications.

## II.

We have defined an appropriation as "the intent to take accompanied by some open physical demonstration of the intent and for some valuable use." *Four Counties Water Users Association v. Colorado River Conservation District*, 161 Colo. 416, 425 P.2d 259 (1967). Although an appropriation is not complete until actual diversion and use, the right may relate back to a valid "first step," and the priority measured from that time. A valid "first step" is established when an intent to take water is formed, together with an open, overt action on the land giving notice of the intent to apply the water to a beneficial use. *Four Counties Water Users Association v. Colorado River Conservation District, supra*; *Elk-Rifle Water Co. v. Templeton*, 173 Colo. 438, 484 P.2d 1211 (1966); *Rocky Mountain Power Co. v. White River Electric Association*, 151 Colo. 45, 376 P.2d 158 (1962).

Whether a first step has been taken must turn on the facts of each case; each case must be decided on an *ad hoc* basis in light of the circumstances and facts before the court. *Four Counties Water Users Association v. Colorado River Conservation District*, 159 Colo. 499, 414 P.2d 469 (1966). Moreover, the two requirements need not necessarily coincide at the same time. However, it is clear that it is only when *both* elements are present that the "first step" is effected. *Elk-Rifle Water Co. v. Templeton, supra.*

In this case, the first prong of the first step was unquestionably satisfied by the filing of maps, which constituted *prima facie* evidence of an intent to take water. *Oak Creek Power Co. v. Colorado River Water Conservation District*, 182 Colo. 389, 514 P.2d 323 (1973); *Metropolitan Suburban Water Users Association, et al. v. Colorado River Water Conservation District*, 148 Colo. 173, 365 P.2d 273 (1961). However, the District has not met the second prong or requirement of the test, for it has not revealed its intention through an open demonstration on the land.

The District contends that the map filing alone is sufficient to establish the first step. Our prior decision in *Elk-Rifle Water Co. v. Templeton, supra*, specifically refutes appellant's contention. The maps used by the District were filed during the tenure of the now repealed Map and Statement Act,[4] and in construing the Act, we held that "the required 'first step' must consist of open work 'on the land' in order that notice can be given to others of the intention of the appropriators," and that the intention must be shown through an "open and physical demonstration on the land."

Thus, the mere filing of the preliminary maps prepared by the Bureau of Reclamation does not suffice, without more, to complete the first step.

---

[4]C.R.S. 1963, 148-4-1, repealed in 1969.

## III.

The District next argues that even if more than filing is essential to secure an early priority date in this case, more evidence was produced to establish the dates.

The District maintains that the record reveals sufficient evidence of intent and an open and physical demonstration of that intent to complete the first step. In our view, the record supports the findings and conclusions of the water judge and does not suggest a significant manifestation of intent beyond the map filing. In our view, none of the activities cited by the District is sufficient to provide outsiders with notice of an intention to appropriate water and to convert the water to beneficial use, and none is adequate to meet the *Elk-Rifle* test.

Judgment affirmed.

MR. JUSTICE KELLEY does not participate.