The COLORADO RIVER WATER CON-
SERVATION DISTRICT, Appellant,

v.

CITY AND COUNTY OF DENVER, Vi-
dler Tunnel Water Company, and Lee R.
Enewold, Division Engineer, Water Divi-
sion No. 5, State of Colorado, Appellees.

No. 80SA14.

Supreme Court of Colorado,
En Banc.

March 22, 1982.

Delaney & Balcomb, Lawrence R. Green, Kenneth Balcomb, Donald H. Hamburg, Gen. Counsel, Glenwood Springs, for appellant.

Wayne D. Williams, Michael L. Walker, Denver, for appellee City and County of Denver, acting by and through its Board of Water Commissioners.

Holme, Roberts & Owen, Glenn E. Porzak, Denver, for appellee Vidler Tunnel Water Co.

HODGES, Chief Justice.

The District Court in and for Water Division No. 5 (water court) denied the application of the Colorado River Water Conservation District (river district) for a conditional water right on the Colorado River for its Glenwood Canyon Project. The river district appealed the judgment denying this application. We affirm the judgment.

In *Colorado River Water Conservation District v. Denver*, Colo., 640 P.2d 1139 (1982), we dealt with issues related to this appeal and affirmed a judgment cancelling a conditional water right also intended for use by the river district for the Glenwood Canyon Project. In affirming that judgment we approved the water court's finding that the river district had failed to exercise reasonable diligence in the development of several of its conditional water rights, including the conditional water right on the Colorado River for its Glenwood Canyon Project.[1]

The following background is relevant for a full understanding of the issue on this appeal. Prior to the passage of the Water Right Determination and Administration Act of 1969, section 37–92–101 *et. seq.*, C.R.S.1973, the state of Colorado was divided into seventy water districts. The two water districts pertinent to this appeal were Water Districts No. 52 and 53. The boundary line between these districts at the location of the proposed Glenwood Canyon Project was the center line of the Colorado River.

On September 13, 1967, the District Court in and for the County of Eagle issued its decree granting the river district a conditional water right in Water District 53 for the development of its proposed Glenwood Canyon Project. (It was the cancellation of this conditional water right and others which was affirmed by this court in *Colorado River Water Conservation District v. Denver, supra.*)

Apparently, after having been granted this conditional water right in Water District No. 53, the river district became concerned that this decree alone would be insufficient because the Glenwood Canyon Project, when completed, would also utilize water from that part of the Colorado River located in Water District No. 52. Accordingly, in September 1968 the river district filed its statement of claim in another action for a conditional water right with a 1966 priority in Water District No. 52.

Hearing on this application commenced on November 11, 1972 in the water court. A referee was assigned to take evidence, however, no decision regarding the application was thereafter rendered. It was not until November 1978 that the application was again placed before the water court for

---

1. As proposed, the Glenwood Canyon Project was designed to include both the Glenwood Canyon Power Plant and Glenwood Canyon Forebay.

final determination. At this time, there was pending in the same water court the case which was the subject of the appeal in *Colorado Water Conservation District v. Denver, supra.* That case, which will be referred to elsewhere in this opinion as the "other pending case", was originated in the water court when the river district filed an action pursuant to section 37–92–301(4), C.R.S.1973 for quadrennial findings of reasonable diligence in the development of its conditional water rights for the Glenwood Canyon Project and other projects.

At the outset of the trial on the river district's application for a conditional water right in Water District No. 52, the river district and the objectors entered into two stipulations pertinent to this appeal. First, it was agreed that the judge of the water court could consider relevant evidence submitted at the earlier November 1972 hearing before the water referee. Secondly, the parties agreed that the judge of the water court could consider evidence of diligence presented by the river district in the other pending case when ruling on this application.

After trial, the water court entered a judgment denying the river district's application for the conditional water right in Water District No. 52 for the Glenwood Canyon Project. The water court held that its judgment in the other pending case, cancelling the conditional water right for its Glenwood Canyon Project in Water District No. 53 for lack of diligence during the period of 1972–1976, mandated denial of the river district's application for a conditional water right in Water District No. 52 in connection with its Glenwood Canyon Project. The judgment of the water court denying this application is the subject of this appeal by the river district.

A conditional water right is defined as a "right to perfect a water right with a certain priority upon the completion with reasonable diligence of the appropriation upon which such water right is to be based." Section 37–92–103(6), C.R.S.1973. This court has consistently interpreted this statutory provision as requiring that an appli-

cant for a conditional water right demonstrate that an appropriation has been made and that the appropriation has been developed with reasonable diligence before the conditional decree will issue. *Four Counties Water Users Association v. Colorado River Water Conservation District,* 159 Colo. 499, 414 P.2d 469 (1969); *Colorado River Water Conservation District v. Vidler Tunnel Water Company,* 197 Colo. 413, 594 P.2d 566 (1979). In *Four Counties, supra,* this court stated:

> "[I]t is clear that in proceedings pertaining to an award of a conditional decree for water, only two questions are properly before the court, and their determination will dictate whether a conditional decree must follow. One is whether an appropriation has been made by the claimant and as of what date. The second is whether the claimant has prosecuted his claim of appropriation and the planning, financing and construction of his enterprise with reasonable diligence."

To initiate an appropriation, two elements—an intent and an act—must coexist. *Colorado River Water Conservation District v. Vidler Tunnel Water Company, supra.* First, the applicant for a conditional water right must have an intent to take the water and put it to beneficial use. Second, the applicant must demonstrate this intent by an open physical act sufficient to constitute notice to third parties. *Twin Lakes Reservoir and Canal Company v. City of Aspen,* 192 Colo. 209, 557 P.2d 825 (1976); *Central Colorado Water Conservation District v. Denver,* 189 Colo. 272, 539 P.2d 1270 (1975). Further, in evaluating whether an appropriation has been initiated, the trial court is to look at all the facts and circumstances in making its *ad hoc* determination. *Elk-Rifle Water Co. v. Templeton,* 173 Colo. 438, 484 P.2d 1211 (1971).

There is no dispute as to whether an appropriation was initiated. This question was answered affirmatively with respect to the Glenwood Canyon Project when the water court found:

> "The appropriation was initiated by field survey on June 8, 1966. At that time,

CRWCD had the intent to effect the appropriation which is the subject of its statement of claim in this case."

The pivotal issue presented by this appeal is whether the water court correctly held that the river district failed to pursue its appropriation with reasonable diligence.

 Whether an appropriation has been pursued with diligence is to be determined on an *ad hoc* basis in light of all the factors present in each particular case. *Colorado River Water Conservation District v. Twin Lakes Reservoir and Canal Company,* 171 Colo. 561, 468 P.2d 853 (1970); *Metropolitan Suburban Water Users Assoc. v. Colorado River Water Conservation District,* 148 Colo. 173, 365 P.2d 273 (1961). Further, this court has consistently held that in this type of case where factual issues are involved, the trial court's findings are binding upon the appellate court if there is sufficient evidence to sustain them. *Orchard Mesa Irrigation District v. City and County of Denver,* 182 Colo. 59, 511 P.2d 25 (1973). From our review of this record, we find that there was ample evidence to support the water court's finding of a lack of diligence.

The water court extensively examined all of the evidence submitted by the river district in support of its application. Additionally, the water court properly considered the evidence, its finding, and the judgment in the other pending case, wherein it ruled that the river district had failed to exercise reasonable diligence in the development of its conditional water right awarded in 1967 in Water District No. 53 in connection with the Glenwood Canyon Project.

Both the conditional water right awarded in 1967, and the conditional water right applied for, although in separate water jurisdictions at the time of appropriation in 1966, relate to the same proposed project. As such, the facts which the water court relied upon in cancelling the river district's conditional water right in Water District No. 53, are persuasive factors in support of the water court's judgment denying the river district's application for the condition-

al water right in Water District No. 52 because of the lack of diligence. *See Metropolitan Suburban Water Users Association v. Colorado River Water Conservation District, supra.*

In the other pending case, the water court in considering all the evidence presented made detailed findings with reference to a lack of diligence on the part of the river district in the development of the appropriation under the conditional water right awarded to it in District No. 53 for the Glenwood Canyon Project. The following findings are relevant here:

"The Glenwood Canyon Project was included in phase one of the WRAPPS study and report but was not included in phase two. Bechtel Corporation concluded that the site is economically not attractive for power or water supply.

During the Diligence Period, very general talks were held with the City of Glenwood Springs as to the City's interest in the Glenwood Canyon Project as a power source. Nothing resulted from the talks. CRWCD [Colorado River Water Conservation District] has discussed within its own organization the Glenwood Canyon Project as a possible power source for the West Divide Project but has not asked the Bureau of Reclamation to include this possibility in its study of West Divide alternatives.

Subsequent to the Diligence Period, Tudor Engineering Co. of San Francisco was asked to perform engineering feasibility and cost studies of the project. Tudor issued a report in letter form on May 11, 1977, in which it concluded that the benefit-cost ratio is in the area of 2.1 to 1.0 and that further consideration of the project is deserved.

CRWCD's financial statements reflect approximate expenditures of only $21.21 in 1972, $0 in 1973, $914.06 in 1974, $0 in 1975 and $18.00 in 1976 with respect to the Glenwood Canyon Project. The purpose of these expenditures does not appear from the evidence."

Also, the following findings were made by the water court after trial on the river

district's application for a conditional water right in Water District No. 52, as a basis for its judgment denying the application:

"m. Some core drilling and some preliminary engineering work have been accomplished with respect to the Glenwood Canyon Forebay and Glenwood Canyon Power Plant. [The Glenwood Canyon Project]. $9334.72 has been expended by the applicant from January, 1958, to December, 1977, in engineering and legal work toward development of the Glenwood Canyon Forebay and Glenwood Canyon Power Plant. The timing of the expenditures was not established by the evidence. The evidence in W–789–76 [the other pending case] established that less than $1000 was spent relating to these proposed appropriations during the period May 1, 1972 to April 30, 1976.

n. In W–789–76 the conditional water right previously decreed to Glenwood Canyon Forebay in Civil Action No. 1416 in the District Court in and for the County of Eagle on September 13, 1967, was considered abandoned pursuant to C.R.S. (1973) 37–92–301(4) for failure to show reasonable diligence in the development of the proposed water right during the period from May 1, 1972, to April 30, 1976."

The court then concluded:

"Although the statutes do not treat the specific situation here presented, it is concluded that the effect of the determination in W–789–76 that Glenwood Canyon Forebay be considered abandoned for failure to exercise reasonable diligence during a period subsequent to the filing of the application for conditional water right in this case must be that the application for conditional water right for Glenwood Canyon Forebay in this case be denied."

Despite the above factors, which clearly militate against a finding of diligence, the river district maintains that this court's holding in *Metropolitan Suburban Water Users Association District, supra,* mandates reversal of the water court's judgment denying the application for the conditional water right in Water District No. 52. The river district directs us to our holding in that case in which we stated:

"[T]he statutory requisite of due diligence is met, during the dependency of adjudication proceedings and until a conditional decree is awarded, by diligent action of the claimant in seeking to have his claim allowed and opposing in good faith the allowance of other claims which would, if allowed, be senior in point of time."

A close reading of *Metropolitan, supra,* however, demonstrates that the river district's reliance is misdirected. At trial in the other pending case, the river district provided testimony that it had, on several occasions, engaged in litigation opposing the application of others for water rights which would compete for the same water supply to be utilized by the Glenwood Canyon Project. This alone, however, is insufficient for a finding of diligence. *Colorado River Water Conservation District v. Denver, supra* and *Orchard Mesa Irrigation District v. City and County of Denver, supra.* Also, *Metropolitan, supra,* makes it clear that an applicant for a conditional water right must also show that he has pursued his application with diligence during the pendency of an application. This the river district has failed to do. At trial, the river district failed to provide any evidence as to why no action was taken on its application between November 1971 and November 1978. This unexplained lack of diligence when considered in connection with this state's policy of putting water to beneficial use at the earliest possible time, militates against any finding of diligence on the part of the river district under the facts here.

We need not address the river district's second claim of error in which it maintains that the water court erred in failing to award a conditional water right in Water District No. 52 with a priority date other than June 8, 1966. A review of the record reflects that at no time during the pendency of this action in the water court, nor in its motion for a new trial, did the river district seek a priority date other

than the date upon which the appropriation for the Glenwood Canyon Project was initiated. Therefore, this issue is not properly before us. *See Gibbs v. Handy*, 82 Colo. 297, 259 P. 517 (1927); *Friedrichs v. Midland Savings and Loan*, 94 Colo. 563, 31 P.2d 493 (1934).

The water court's finding that the river district failed to diligently pursue its appropriation in Water District No. 52 for its Glenwood Canyon Project is amply supported by the evidence and fully justifies the judgment denying the application for the conditional water right with a 1966 priority date.

The judgment is affirmed.

LOHR, J., does not participate.