The COLORADO RIVER WATER CONSERVATION DISTRICT, the Middle Park Water Conservancy District, the City of Aspen, the Board of Commissioners of the County of Pitkin, the Basalt Water Conservancy District, the West Divide Water Conservancy District, and the Bluestone Water Conservancy District, Appellants,

v.

CITY AND COUNTY OF DENVER, acting by and through its Board of Water Commissioners, and Vidler Tunnel Water Co., Appellees.

No. 80SA12.

Supreme Court of Colorado, En Banc.

Feb. 8, 1982.

Holland & Hart, John U. Carlson, Robert M. Pomeroy, Jr., Denver, for appellants Colorado River Water Conservation Dist., West Divide Water Conservancy Dist., Basalt Water Conservancy Dist., and Bluestone Water Conservancy Dist.

Baker & Cazier, Stanley W. Cazier, Granby, for appellant Middle Park Water Conservancy Dist.

Musick, Williamson, Schwartz, Leavenworth & Cope, P. C., Loyal E. Leavenworth, Glenwood Springs, for appellants City of Aspen and Board of Commissioners of the County of Pitkin.

Wayne D. Williams, Michael L. Walker, Denver, for appellee City and County of Denver, acting by and through its Board of Water Commissioners.

Holme, Roberts & Owen, Glenn E. Porzak, Denver, for appellee Vidler Tunnel Water Co.

HODGES, Chief Justice.

This is an appeal from a judgment of the district court in and for Water Division No. 5 (water court). At issue are conditional water rights held by the Colorado River Water Conservation District (river district), which applied to the water court for quadrennial findings of reasonable diligence for the conditional water rights it held in connection with a number of proposed water projects. The appellees filed statements of opposition.

Appellant river district, together with the other appellants[1] who claim an interest in these conditional water rights, seek reversal of the water court's findings and judgment, which decrees that reasonable diligence had not been exercised in the development of water projects for which these conditional water rights were held by the river district.

---

1. The Middle Park Water Conservancy District, the Basalt Water Conservancy District, the West Divide Water Conservancy District, and, the Bluestone Water Conservancy District joined the Colorado River Water Conservation District in this appeal. The City of Aspen and the County of Pitkin were granted leave to participate in the water court as applicants with respect to certain of the conditional water rights at issue in which they claim to have a legal interest.

Accordingly, the water court cancelled these conditional water rights. We affirm the judgment of the water court.

The conditional water rights involved in this appeal were for the development of the Eagle Valley Project, the Edwards Reservoir, the Snowmass Project, the Bridges Switch Pumping Pipeline, the Cameo Project, the Glenwood Canyon Project, and related sub-projects or features.[2] Pursuant to section 37–92–301(4), C.R.S.1973, the river district applied for quadrennial findings of reasonable diligence in the development of the appropriations under the conditional water rights held by the river district for use in connection with the projects.

The water court designated the diligence period to be from May 1, 1972 through April 30, 1978, and at the trial, extensive evidence was presented by the river district and other appellants in support of claims that reasonable diligence had been exercised during this period. Much of the evidence related to litigation, political activities, and other efforts to protect the conditional water rights and to promote the projects. None of the evidence or exhibits was sufficient to establish that any on-site work or other activity specifically related to any individual project was performed during the diligence period.

At the conclusion of the trial, the water court made extensive findings as a basis for its ruling that the river district and the other appellants had failed to exercise reasonable diligence in developing the projects. While recognizing that the litigation and other activities of the appellants were factors to be considered in making a diligence determination, the water court held that some evidence of effort to develop each conditional water right individually was necessary to support a finding of diligence. The failure to exercise the diligence required resulted in the court's cancellation of the conditional water rights for the projects involved.

**2.** These conditional water rights were only a few of the rights considered. Rulings on the other conditional water rights were not appeal-

Appellants' principal contention on appeal is that the trial court erred, as a matter of law, in requiring evidence of "project-specific" activities as a basis for a finding of reasonable diligence. It is asserted on behalf of the appellants that the extensive litigation, political, and other such activities during the diligence period, although not directly related to any single project, but which indirectly benefited all the projects, are in themselves sufficient to establish reasonable diligence with respect to all the projects. The water court rejected these assertions and we agree with its rulings thereon.

The purpose behind section 37–92–301(4), C.R.S.1973, is to prevent the accumulation of conditional water rights without diligent efforts to complete the projects to the detriment of those needing and seeking to make immediate beneficial use of the same water. In *Metropolitan Suburban Water Users Ass'n. v. Colorado River Water Conservation District*, 148 Colo. 173, 365 P.2d 273 (1961), this court, in applying the biennial diligence requirement of a predecessor statute (C.R.S.1953, 147–10–6), stated:

"Constitutional provisions, implementing statutes, and decisions of this Court, all recognize the great public and private benefits which emanate from conserving and putting to beneficial use, at the earliest possible time, all of the waters of the natural streams of the state of Colorado." 148 Colo. at 188.

This court has recognized that a judicial determination of diligence can only be made on a case-by-case basis after considering all of the facts and circumstances relating to the development of each particular project. *Colorado River Water Conservation District v. Twin Lakes Reservoir and Canal Co.*, 171 Colo. 561, 468 P.2d 853 (1970); *City and County of Denver v. Northern Colorado Water Conservancy District*, 130 Colo. 375, 276 P.2d 992 (1954); *Conley v. Dyer*, 43 Colo. 22, 95 P. 304 (1908). In *Twin Lakes, supra*, some of the factors which a water

ed or the rights were continued on a finding of reasonable diligence.

court should consider in making a diligence determination are described as follows:

"The question of diligence must be determined in light of all factors present in a particular case including the size and complexity of project; the extent of the construction season; the availability of materials, labor and equipment; the economic ability of the claimant; and the intervention of outside delaying factors such as wars, strikes and litigation."

■ A basic principle underlying Colorado's water law is that the most beneficial use is made of the state's water. A court in making a diligence determination must look at all factors which can be considered as important in determining whether an appropriator is satisfying the terms of a conditional water decree by developing it for a beneficial use in the most expedient and efficient fashion possible under the circumstances.

■ Turning now to the instant case, we hold that the district court properly considered the absence of specific project related activities in finding that appellants failed to exercise reasonable diligence in the development of the river district's conditional water rights involved in this appeal. In *Orchard Mesa Irrigation District v. City and County of Denver*, 182 Colo. 59, 511 P.2d 25 (1973), we specified that a finding of diligence requires the applicant to prove:

"[A]n intention to use the water, coupled with concrete action amounting to diligent efforts to finalize the intended appropriation... A record which shows only a hope someday to use the water but with prior years of inaction, will not support the claim."

■ The *Orchard Mesa* case is of definite significance here because it clearly stands for the rule that non-project related efforts and activities to protect or promote the future development of a conditional water right, standing alone, will not be sufficient to support a finding of reasonable diligence. To hold otherwise would permit the claimant of a conditional water right to reserve his claim indefinitely without putting one drop of water to beneficial use or even making any objective on-site effort to make a beneficial use of the water. It is in the sound discretion of the water court, looking at all the facts and guided by the principle that water rights are to be developed in the most expedient and efficient manner possible under the circumstances, to determine what activities will be required for a showing of reasonable diligence.

Here, the water court's detailed findings reflect a careful project-by-project analysis of the evidence presented. As demonstrated by the water court's findings with respect to the Snowmass Project, the appellants' litigation activities were properly considered in the court's *ad hoc* determination of diligence. With reference thereto, it found:

"There was no evidence of any activity directed specifically toward development of the Snowmass Project during the Diligence Period.

.    .    .    .    .

"The only activity related to the Snowmass Project during the diligence period was litigation opposing the application of others for water rights and changes in water rights which compete for the same water supply to be utilized by the Snowmass Project. Evidence with respect to such litigation and its relation to the Snowmass Project was vague and general.

There was no evidence of any planning, design, financing or construction efforts relating to the Snowmass Project. There was no evidence of any circumstances inhibiting efforts, except for the number of claims held by Colorado River Water Conservation District and Colorado River Water Conservation District's limited finances."

■ We emphasize that a statutory diligence determination by a water court is made solely on the basis of factual issues as formulated by the evidence presented. *City and County of Denver v. Northern Colorado Water Conservancy District, supra; Colorado River Water Conservation District v. Twin Lakes Reservoir and Canal Co., supra.*

Where factual issues are involved a trial court's findings are binding upon the appellate court if there is any competent evidence in the record to support that finding. *Baca Irrigation Ditch Co. v. Model Land and Irrigation Co.*, 80 Colo. 398, 252 P. 358 (1927). We find that there is ample evidence in the record to support the water court's findings, decree, and judgment that the river district and the other appellants failed to exercise reasonable diligence in the development of the river district's conditional water rights and that they are therefore considered abandoned as provided in section 37–92–301(4), C.R.S.1973.

■ On behalf of the river district, it is strenuously argued that "the massive general efforts" although not specifically related to any of the individual projects, should, nevertheless, be deemed sufficient to support a finding of reasonable diligence. This is particularly so, it is argued, with reference to this river district which was created by the General Assembly and was empowered to secure and insure an adequate supply of water, present and future, for all uses within the district. Section 37–46–107(1)(c), C.R.S.1973. We do not interpret this or any of the other provisions of law pertaining to water districts or water rights as indicating or implying that this water district should not be required to make the same developmental efforts as required of other appropriators in order to support a finding of reasonable diligence in the development of appropriations under conditional water rights.

The judgment of the water court is affirmed.

LOHR, J., does not participate.