UPPER GUNNISON RIVER WATER CONSERVANCY DISTRICT, Applicant–Appellant/Cross–Appellee,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ARAPAHOE, Colorado, Objector–Appellee/Cross–Appellant,

and

Keith Kepler, Division Engineer, Water Division 4, Appellee Pursuant to C.A.R. 1(e).

No. 91SA324.

Supreme Court of Colorado, En Banc.

Dec. 1, 1992.

Williams, Turner & Holmes, P.C., Anthony W. Williams, Grand Junction, Bratton & Associates, L. Richard Bratton, John H. McClow, Gunnison, for applicant-appellant/cross-appellee Upper Gunnison River Water Conservancy Dist.

Vranesh and Raisch, John R. Henderson, Paul J. Zilis, Brian M. Nazarenus, Boulder, for objector-appellee/cross-appellant Bd. of County Com'rs of the County of Arapahoe, Colo.

Krassa, Lindholm, Kumli & Madsen, Robert F.T. Krassa, Boulder, Sp. Counsel for objector-appellee/cross-appellant Bd. of County Com'rs of the County of Arapahoe, Colo.

Saunders, Snyder, Ross & Dickson, P.C., Christopher R. Paulson, Ann E. Mesmer, Deborah L. Freeman, Denver, for amicus curiae The "Consortium": Chevron Shale Oil Co., Rio Blanco Oil Shale Co., Getty Oil Exploration Co., Marathon Oil Co., Union Oil Co. of California d/b/a Unocal, Shell Western E & P Inc., and The New Paraho Corp.

Donald H. Hamburg, Glenwood Springs, for amicus curiae Colorado River Water Conservation Dist.

Justice VOLLACK delivered the Opinion of the Court.

The Upper Gunnison River Water Conservancy District (Conservancy District) appeals from an order of the District Court for Water Division 4 (water court), and the Board of County Commissioners of the County of Arapahoe (Arapahoe County), cross-appeals. The water court ruled, pursuant to section 37-92-301, 15 C.R.S. (1990) (the 1990 statute), that the Conservancy District had demonstrated diligence with respect to twelve conditional water rights, but failed to demonstrate diligence with respect to four conditional water rights. We conclude that the water court erred in applying the 1990 statute, and remand the case to the water court to conduct further proceedings consistent with this opinion.

## I.

### The Water Court's Ruling

The present case requires this court to determine whether the 1990 statute governs an application for a quadrennial finding of reasonable diligence filed in December of 1988, for a diligence period commencing in 1985. The 1990 statute provides:

(a) In every sixth calendar year after the calendar year in which a water right is conditionally decreed, or in which a finding of reasonable diligence has been decreed, the owner or user thereof, if he desires to maintain the same, shall file an application for a finding of reasonable diligence, or said conditional water right shall be considered abandoned....

(b) The measure of reasonable diligence is the steady application of effort to complete the appropriation in a reasonably expedient and efficient manner under all the facts and circumstances. When a project or integrated system is comprised of several features, work on one feature of the project or system shall be considered in finding that reasonable diligence has been shown in the development of water rights for all features of the entire project or system.[1]

§ 37-92-301(4)(a), (b), 15 C.R.S. (1990). Prior to 1990, section 37-92-301(4), 15 C.R.S. (1988 Supp.), provided:

In every fourth calendar year after the calendar year in which a water right is conditionally decreed, the owner or user thereof, if he desires to maintain the same, shall file an application for a quadrennial finding of reasonable diligence or said conditional water right shall be considered abandoned.... [S]uch appli-

---

1. Because we conclude that the water court erred in applying the 1990 statute, we neither evaluate the substantive standard created in the 1990 statute as compared to its statutory prede-cessor or as against the backdrop of existing case law, nor do we address whether the water court correctly applied the standard set forth in the 1990 statute.

cation shall be filed during the same month every four years thereafter until the right is made absolute or otherwise disposed of.

In order to determine whether the 1990 statute governs, we first review the procedural background and the water court's ruling in the present case.

In 1961, the Conservancy District acquired sixteen conditional water rights, by two decrees.[2] On December 30, 1988, the Conservancy District filed an application for quadrennial finding of reasonable diligence, as required by section 37–92–301(4), 15 C.R.S. (1988 Supp.). On February 27, 1989, Arapahoe County filed a statement of opposition.[3] The application was referred to a referee, who, on December 27, 1989, found that all sixteen conditional water rights were abandoned for failure to prosecute with reasonable diligence.[4]

On January 16, 1990, the Conservancy District filed a protest to the referee's ruling in the water court. From May through October of 1990, the parties filed initial and supplemental disclosure certificates. On October 17, 1990, the water court entered an order setting November 26, 1990, as the date on which a three-day trial would begin. On November 28, 1990, the water court held a status conference and entered an order resetting the date for commencement of a four-day trial as April 30, 1991.

Approximately one year after filing its protest to the referee's ruling, the Conservancy District filed a motion "to determine [the] applicability of the 1990 amendments to the diligence statute," on January 24, 1991. In the following February, Arapahoe County filed a motion in response to the Conservancy District's motion regarding application of the 1990 statute to the present case.

On March 26, 1991, the Conservancy District and Arapahoe County filed a stipulation for resolution of pending motions. Among other things, the parties stipulated that the 1990 statute applied to their proceedings. The parties stipulated that the 1990 statute

> sets forth the "measure of reasonable diligence" in § 37–92–301(4)(b) by requiring "reasonably expedient and efficient" efforts. The parties agree that prior to the enactment of [the 1990 statute] the measure of diligence was succinctly defined in *Trans County [Water], Inc. v. Central Colorado Water Conservancy District*, 727 P.2d 60 (Colo.1986)....
>
> ....
>
> This Stipulation does not reach the issue as to whether [the 1990 statute] changed the measure of reasonable diligence as defined in the *Trans County* case. The parties reserve the right to argue the issue after the submission of evidence.

The water court approved the stipulations. A four-day trial commenced on April 30, 1991, and on May 30, 1991, the water court entered its findings of fact, conclusions of law, and judgment.

In its findings of fact, the water court noted that "[t]he [1961] Decrees ... relate to and describe the water rights for *a single comprehensive project* known as the Upper Gunnison Basin Project." (Emphasis added.) The water court also noted that the original decrees recognized "[t]hat the Upper Gunnison Basin Project is *one project with multiple 'interrelated fea-*

---

**2.** *Four rights were conditionally decreed on January 27, 1961, and are referred to as follows: the Castleton Reservoir; the Ohio Creek Canal; the Taylor River Canal; and the East River Canal. On December 15, 1961, an additional twelve rights were conditionally decreed and are referred to as follows: the Ohio City Reservoir; the Monarch Reservoir; the Quartz Creek Canal; the South Crookton Canal; the Banana Ranch Reservoir; the Flying M. Reservoir; the Upper Cochetopa Reservoir; the Cochetopa Meadows Ditch Enlargement; the Cochetopa Canal; the Pass Creek Canal; the Los Pinos Canal; and the Stubbs Gulch Canal.*

**3.** On the same date, the City of Aurora also filed a statement of opposition. The City of Aurora, however, subsequently withdrew its statement of opposition.

**4.** The water court refers to the referee's finding as an order, while the Register of Actions refers to the referee's finding as a letter regarding a ruling. The referee's ruling was not made part of the record on appeal.

*tures'* referring to the identified units and the structures comprising said units." (Emphasis added.)

Noting that diligence with respect to the subject water rights was last approved by the water court on July 2, 1985, the water court made detailed findings of prior diligence work on the subject water rights. The water court identified the present diligence period as beginning on January 1, 1985, and ending on December 31, 1988. The water court subsequently made detailed findings of diligence work occurring during the present diligence period.[5]

In its conclusions of law, the water court recounted the parties' stipulation that section 37–92–301(4)(b) and (c), 15 C.R.S. (1990), governed the instant action. The water court stated that, prior to the adoption of the 1990 statute, the standard for showing diligence was set forth in *Trans–County Water, Inc. v. Central Colorado Water Conservancy District*, 727 P.2d 60 (Colo.1986).[6] The water court concluded that the 1990 statute modified the diligence standard set forth in *Trans–County*.[7] As a result, the water court concluded "that the standard adopted by the statute is less onerous than the standard in *Trans County*." The water court also stated that "[i]t is the court's understanding of the statutory measure that many facts and circumstances are to be considered, and that the factors listed in the *Trans County* case continue to be applicable."

In its application of a diligence standard, the water court considered the following factors, among others: the length of delay in construction; the resources and relative size of the Conservancy District; whether any work was site-specific; recommendations regarding alternate sites; financing for all or part of the project; the feasibility of original reservoir sites; and the degree to which any of the features of the project were integrated. Regarding integration, the water court interpreted the 1990 statute "to mean that diligence work on one aspect of a project does not necessarily mandate a finding of diligence with respect to the entire project."

The water court subsequently framed the diligence test as whether "the Applicant demonstrate[d] 'the steady application of effort to complete the appropriation in a reasonably expedient and efficient manner.'" The water court further concluded

> that after the significant lapse of time since the original decrees, [the water court] has some obligation under ... § 37–92–301(4)(b) and (c) C.R.S. 15 (1990 Repl. Vol.) to find diligence only with respect to those features (including their integrated parts, if any, and alternative sites therefor[ ], if applicable) which continue to be viable and feasible.

The water court canceled four conditional water rights, but found that the remaining twelve were in full force and effect.[8] The water court decreed that the Conservancy District must file an application for a finding of diligence every six years, commencing in the month of May 1997.

## II.

### *The Diligence Standard*

▰ Colorado has long required owners or users of conditional water rights to file

---

5. Because we find that the water court erroneously applied the 1990 statute, we do not review the water court's findings with respect to diligence work during the relevant period.

6. The water court identified the following language from *Trans–County* as setting the diligence standard:

> [The applicant] must prove continuous, project-specific effort directed toward the development of the conditional right commensurate with [its] capabilities. Reasonable diligence must be evidenced by reasonable progress in the development of the conditional appropriation in the most expedient and efficient manner.

*Trans–County*, 727 P.2d at 64. We disapprove of the water court's ruling insofar as it solely relies on *Trans–County* as setting the standard for a determination of diligence prior to the enactment of the 1990 statute.

7. The water court noted that "the legislature substituted the phrase 'steady application of effort' for 'continuous project specific effort' and deleted the word 'most' with reference to 'expedient and efficient manner.'"

8. The water court specifically found that water rights for the Taylor River Canal, the East River Canal, the Ohio City Reservoir, and the Quartz Creek Canal were canceled.

applications for findings of reasonable diligence at specified times in order to maintain the conditional right. § 37–92–301, 15 C.R.S. (1988 Supp. & 1990); *Public Serv. Co. v. Blue River Irrigation Co.,* 753 P.2d 737, 739 (Colo.1988); *Vail Valley Consol. Water Dist. v. City of Aurora,* 731 P.2d 665, 668 (Colo.1987); *Trans–County Water, Inc. v. Central Colorado Water Conservancy Dist.,* 727 P.2d 60, 64 (Colo.1986); *Colorado River Water Conservation Dist. v. City and County of Denver,* 640 P.2d 1139, 1141 (Colo.1982); *Colorado River Water Conservation Dist. v. Twin Lakes Reservoir and Canal Co.,* 171 Colo. 561, 564, 468 P.2d 853, 854–55 (1970).

■■■ "The purpose of a conditional water right is to encourage development of water resources by allowing the applicant to complete financing, engineering, and construction with the certainty that if its development plan succeeds, it will be able to obtain an absolute water right." *Public Serv. Co.,* 753 P.2d at 739 (citing *Metropolitan Suburban Water Users Ass'n v. Colorado River Water Conservation Dist.,* 148 Colo. 173, 194, 365 P.2d 273, 284–85 (1961)). The requirement of filing applications for findings of reasonable diligence thus "prevent[s] the accumulation of conditional water rights without diligent efforts to complete the projects to the detriment of those needing and seeking to make immediate beneficial use of the same water." *Colorado River Water,* 640 P.2d at 1141; *see Talco, Ltd. v. Danielson,* 769 P.2d 468, 472 (Colo.1989); *Public Serv. Co.,* 753 P.2d at 742; *Trans–County,* 727 P.2d at 65.

■■■ In accord with these purposes, this court has emphasized that "an applicant seeking to obtain a finding of diligence must prove 'an intention to use the water, coupled with concrete action amounting to diligent efforts to finalize the intended appropriation.'" *Talco,* 769 P.2d at 472 (quoting *Orchard Mesa Irrigation Dist. v. City and County of Denver,* 182 Colo. 59, 65, 511 P.2d 25, 28 (1973)); *see Public Serv. Co.,* 753 P.2d at 742; *Vail Valley,* 731 P.2d at 670; *City and County of Denver v. Colorado River Water Conservation Dist.,* 696 P.2d 730, 745 (Colo.1985); *Colorado River Water,* 640 P.2d at 1142 (quoting *Orchard Mesa,* 182 Colo. at 65, 511 P.2d at 28).

■■■ At the outset, we have stressed the water court's broad discretion to consider all relevant factors in making diligence determinations. *Vail Valley,* 731 P.2d at 669–70; *Colorado River Water,* 640 P.2d at 1142. We have noted that "[a] quadrennial diligence proceeding necessarily entails an *ad hoc* factual determination." *Vail Valley,* 731 P.2d at 672; *see Colorado River Water* 640 P.2d at 1142. We have identified factors which may, in a given case, be relevant to a finding of diligence, including: the size and complexity of the project; availability of materials, labor, and equipment; the length of the construction season; the claimant's economic ability; and the economic feasibility of the proposed development. *Public Serv. Co.,* 753 P.2d at 742; *Vail Valley;* 731 P.2d at 670; *Trans–County Water,* 727 P.2d at 64; *Colorado River Water,* 640 P.2d at 1142; *Twin Lakes Reservoir,* 171 Colo. at 567, 468 P.2d at 856.

Prior to 1990, our decisions have also identified "integration" as a relevant factor in diligence determinations. *Talco,* 769 P.2d at 472; *Vail Valley,* 731 P.2d at 670; *Trans–County,* 727 P.2d at 66; *City and County of Denver,* 696 P.2d at 749–50; *Twin Lakes Reservoir,* 171 Colo. at 568, 468 P.2d at 856. We have thus stated that, "[w]hile non-project related efforts, standing alone, are insufficient to constitute diligence, work performed on one portion of an integrated project may be considered evidence of diligence as to another portion." *Vail Valley,* 731 P.2d at 670 (citation omitted); *see Trans–County,* 727 P.2d at 66 (relying on *Twin Lakes Reservoir*); *Twin Lakes Reservoir,* 171 Colo. at 568, 468 P.2d at 856 ("Claimant[s] [are] required to present evidence of work performance on at least a segment or a portion of a complex and integrated system.").

■■■ In the present case, the water court expressly adopted the parties' stipulation that the 1990 statute provided the standard by which to evaluate diligence in this case. While noting that the judicially identified

factors in *Trans–County* still applied, the water court concluded "that the standard adopted by the [1990] statute is less onerous than the standard in *Trans County.*" The water court further concluded that, given the significant lapse of time since the original decrees issued, it had some obligation under the 1990 statute to find diligence only with respect to "those features (including their integrated parts, if any, and alternative sites therefor[ ], if applicable) which continue to be viable and feasible."

The 1990 statute was approved on April 13, 1990. Ch. 269, 1990 Colo.Sess.Laws 1625, 1627. The Conservancy District filed an application for a quadrennial finding of diligence on December 30, 1988. The Conservancy District filed its protest to the referee's decision in the water court on January 16, 1990. Application of the 1990 statute—which the water court found to create a less onerous diligence standard than that existing under prior law—results in an impermissible application of a retrospective law.[9] § 2–4–202, 1B C.R.S. (1980) (stating that statutes are presumed to be prospective in their operation); *see Exotic Coins, Inc. v. Beacom*, 699 P.2d 930, 945 (Colo.1985) (stating that statutes are presumed to apply prospectively unless something in the statute suggests that it encompasses acts occurring before the statute was drafted); *Allchurch v. Project Unicorn, Ltd.*, 33 Colo.App. 173, 516 P.2d 441 (1973) (statutes are presumed to apply prospectively unless a contrary legislative intent is clearly manifested).

The General Assembly stated that the 1990 statute was an act "concerning a change in the requirement of a finding of reasonable diligence for conditional water rights to periodic intervals not exceeding six years, and, in connection therewith, setting standards for such a finding." Ch. 269, 1990 Colo.Sess.Laws 1625. The General Assembly did not clearly express any

intention that the new standards apply to diligence determinations initiated prior to the 1990 statute's effective date.

We thus conclude that the water court erred in applying the 1990 statute to its diligence determination in the present case. We remand the case to the water court for findings of fact, conclusions of law, and judgment based on the record, with instructions to apply the diligence standard set forth in the 1988 statute and appropriate case law. If the water court deems necessary, it may order further hearings prior to entry of judgment.

---

9. We note that in *Qualls, Inc. v. Berryman*, 789 P.2d 1095, 1099–1100 (Colo.1990), we found that a statute amended in 1985 governed the disposition of a conditional right in certain nontributary ground waters originally decreed in 1984. Our holding was based in part on a finding that the order at issue applied the amended statute *prospectively. Id.* at 1100. In the present case, the statutory amendments at issue occurred approximately two years *after the diligence period* had ended, and not during the diligence period as in *Qualls.*